Dear Representative Hamilton,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
Is it permissible for a municipality or municipal firedepartment or auxiliary thereof to conduct licensed bingo games?
¶ 1 Article XVIII, Section 6 of the Oklahoma Constitution provides that:
 Every municipal corporation within this State shall have the right to engage in any business or enterprise which may be engaged in by a person, firm, or corporation by virtue of a franchise from said corporation.
See also 11 O.S. 22-104(1) (1989), which tracks closely the Constitutional language quoted above.
¶ 2 However, all bingo activities in the State of Oklahoma are exclusively governed by 21 O.S. 995.1 (1981) et seq., as amended. The answers to your questions will be controlled largely by 21 O.S. 995.1 which provides the following:
 Every district court clerk shall be authorized to issue a license to conduct bingo games to any organization that is a bona fide religious, charitable, labor, fraternal, educational organization or any branch, lodge, chapter or auxiliary thereof or any veterans' or firemen's organization which operates without profit to its members, and provided that such organization has been in existence for not less than two (2) years prior to making application for license and is exempt from tax under paragraphs (3), (4), (5), (6), (7), (8), (10) and (19) of subsection (c) of section 501 of the Internal Revenue Code of 1954, as amended, if no part of the receipts derived from such activity, except actual expenses incurred in the conduct thereof, is to inure to the benefit of any individual shareholder, member or employee of the organization, except as compensation for actual expenses incurred by him in the conduct of such activity and provided that such game is conducted or operated by the officers, employees or members of such organization without compensation therefor other than that to which the officer, employee or member is entitled for performance of his regular duties, and not by agreement or contract with any other person or organization for which any consideration or compensation is provided.
(Emphasis added).
¶ 3 In Attorney General Opinion No. 78-220, the Attorney General stated that the legislative intent was that bingo games should be highly restricted. It is apparent from the plain language of this statute that the Legislature intended to limit the type of organizations that can conduct licensed bingo games. Therefore, notwithstanding Okla. Const. Article XVIII, Section 6, the requirements of 21 O.S. 995.1 must be satisfied in order to obtain a bingo license.
¶ 4 By statute, a municipality is an "incorporated city or town." 11 O.S. 1-102(5) (1989). Municipal corporations possess a dual character. In one capacity, a municipality is a business agency charged with the management of the financial and business interests of the municipality. In the other capacity, a municipality is an arm of sovereignty, and is charged with legislative and governmental powers. Public Service Co. ofOklahoma v. City of Tulsa, 50 P.2d 166 (Okla. 1935); see also
1 Dillion, Municipal Corporations 35-39 (5th ed. 1911).
¶ 5 Furthermore, although under Okla. Const. Article XVIII, Section 6 a municipality may engage in any business or enterprise which may be engaged in by a person, firm, or corporation by virtue of a franchise from the municipality, 21 O.S. 995.1
authorizes only district court clerks the power to issue bingo licenses. Therefore, since a municipality does not have the authority to issue a bingo license, it does not have the authority to engage in such business or enterprise.
¶ 6 A municipality's legislative and governmental powers clearly distinguish it from the definition of a bona fide charitable organization. Furthermore, a municipality is obviously not a bona fide religious, labor, fraternal or educational organization. Therefore, a municipality or municipal corporation cannot be licensed to conduct bingo games.
¶ 7 A charitable organization is defined by 18 O.S. 552.2(2) (1989) as "any philanthropic, patriotic, eleemosynary, educational, social, civic, recreational, religious or any other person performing or purporting to perform acts beneficial to the public." Generally, a charitable organization's primary purpose is to benefit the public.
¶ 8 As to whether a firemen's organization or auxiliary thereof may conduct licensed bingo games, 21 O.S. 995.1 specifically provides that a firemen's organization can obtain a bingo license if:
 (1) the organization has been in existence for not less than two years prior to applying for the license;
 (2) the organization is exempt from tax under paragraphs (3), (4), (5), (6), (7), (8), (10) and (19) of 26 U.S.C.A., 501(c); and
 (3) no individual shareholder, member or employee of the organization receives any part of the receipts derived from such activity, except actual expenses incurred.
 ¶ 9 It is, therefore, the official opinion of the AttorneyGeneral that a municipality or municipal corporation cannotobtain a license to conduct bingo games. However, a firemen'sorganization or auxiliary can obtain such license if the specificrequirements enumerated in 21 O.S. 995.1 (1989) aresatisfied.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
LEE S. McINTIRE ASSISTANT ATTORNEY GENERAL